IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY,<br><br>           Plaintiff,<br><br>       v.<br><br>R. DIAZ, et al.,<br><br>           Defendants. | No. 2:20-CV-01587-WBS-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint. See ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

On November 3, 2020, the Court issued an initial screening order. See ECF No.10. In that order, the Court summarized Plaintiff's allegations as follows:

> Plaintiff, a California state prisoner, brings three claims variously alleging violations of the First, Fourth, and Eighth Amendments to the United States Constitution. ECF No. 1 at 1, 18, 24, 28. All alleged events occurred while Plaintiff was incarcerated at California State Prison-Sacramento ("CSP-Sac"). See id. at 1. He names six defendants: (1) R. Diaz, the former Secretary for the California Department of Corrections and Rehabilitation; (2) Hampton, a correctional lieutenant at CSP-Sac; (3) Houghland, a correctional lieutenant at CSP-Sac; (4) R. Meier, a CSP-Sac official; (5) Dr. K. Patel, a psychologist at CSP-Sac; and (6) Bullard, a correctional sergeant at CSP-Sac. Id. at 10.
>
> Each of Plaintiff's claims extend from his accusations of sexual harassment against Defendant Patel and subsequent administrative proceedings. See id. at 18, 24, 28. Plaintiff alleges that, after a doctor's appointment, he returned to his cell to wash and change clothes. Id. at 11, 18. Defendant Patel stood roughly twenty yards away in an adjacent dayroom alongside correctional officer Nunnery. Id. at 11, 19. Patel allegedly stared into Plaintiff's cell, watching him undress. Id. Plaintiff covered the cell's exterior window to block sunlight and darken the cell to cloak him from Patel's gaze. Id. Inmates are not permitted to cover cell door windows, however, and although the cell was dark, Patel continued to stare. Id. at 11, 18–19.
>
> A correctional sergeant later came to Plaintiff's cell and escorted him to administrative segregation. Id. The sergeant told Plaintiff that he was being assigned to administrative segregation because Patel had made indecent exposure allegations against him. Id. Plaintiff contends that Patel's incident report states that she was standing in the dayroom and noticed Plaintiff standing in his cell moving his arms below his waist. Id. at 12. She alleges that Plaintiff stood naked on his toilet and exposed his penis. Id. Accordingly, prison officials accused Plaintiff of indecent exposure. Id. Plaintiff contends, nevertheless, that neither his actions nor the factual allegations in Patel's report fall within the scope of indecent exposure regulations. Id.
>
> Patel, according to Plaintiff, effectively admitted that Plaintiff's actions did not constitute indecent exposure during the hearing that followed her incident report. Id. Plaintiff contends that Patel stated she had no way of knowing if Plaintiff was standing on the toilet and that she was not positive what Plaintiff was doing. Id. Plaintiff suggests that Patel's statement means she assumed or was coached to say that Plaintiff exposed himself. Id. He also suggests that Patel admitted to standing behind Officer Nunnery so that she could peer around him into Plaintiff's cell. Id. Plaintiff attempted to ask Patel about California regulations

governing staff sexual misconduct and whether it was reasonably necessary to invade Plaintiff's privacy to maintain safety and security. Id. at 13. Defendant Hampton, the hearing officer, disallowed the questions, deeming them irrelevant. Id. Plaintiff contends Hampton was in error. Id. He also maintains that Patel's actions, and the consequent hearing against him, are symptomatic of ongoing staff sexual misconduct (and the inaction of administrative officials to stop it) within the California Department of Corrections and Rehabilitation. Id. He contends that "Defendants" or "officials" are aware of continuing staff sexual abuse of inmates. Id. at 13, 20, 23.

Plaintiff was brought before the Institutional Classification Committee, chaired by Defendant R. Meier. Id. at 14. Plaintiff asserts that Meier was adamant from the beginning of the hearing that Plaintiff be placed in a pilot program at California State Prison-Corcoran ("CSP-Corcoran") for inmates with problems exposing themselves. Id. Plaintiff objected, stating that female staff members routinely stare at inmates in their cells for personal and punitive purposes. Id. Plaintiff also told Meier he had an upcoming court date in Sacramento and that he had enemies and safety concerns at CSP-Corcoran. Id. Meier allegedly disregarded Plaintiff's objections and arbitrarily forced Plaintiff to be assigned to the pilot "IEX" program. Id. Meier's classification report assigning Plaintiff to the IEX program was allegedly fraudulent, containing fabricated information and falsely stating that Plaintiff agreed to the program. Id. Plaintiff also alleges Meier was aware of prison staff's widespread sexual abuse of inmates. Id. at 20.

Following Meier's report assigning Plaintiff to the IEX program, Plaintiff became suicidal. Id. at 15. Overwhelmed by "psychological abuse" at the hands of prison staff, he was placed in the crisis unit on suicide watch. Id. Upon discharge from the crisis unit, Plaintiff was returned to the administrative segregation unit to await transfer to CSP-Corcoran and the IEX program. Id. Defendants Houghland[1] and Bullard, alongside other correctional officers, came to escort Plaintiff on his transfer date. Id. Plaintiff explained that he does not have an indecent exposure problem. Id. at 16. Houghland allegedly conducted a "mock" disciplinary hearing outside Plaintiff's cells, stated Plaintiff was guilty, and asked Plaintiff if there was another reason that he would not leave his cell. Id. Sergeant Bullard then allegedly emptied an entire sixteen-ounce canister of pepper spray into Plaintiff's face. Id. Bullard and Houghland let Plaintiff anguish for five minutes before decontaminating Plaintiff's face with cold water. Id. The water did not remove the pepper spray and Plaintiff's face burned for the entirety of the five to six-hour trip from CSP-Sac to CSP-Corcoran. Id.

On arrival at CSP-Corcoran, Plaintiff was again placed in the crisis unit before being transferred to California Men's Colony's crisis unit where he remained for several weeks. Id. at 17. Plaintiff alleges that he was never admitted to the IEX program, but instead transferred back to CSP-Sac. Id. Houghland and Bullard wrote Plaintiff up on a rule violation report, alleging that he obstructed a peace officer. Id. No redress came of Plaintiff's exhausted administrative remedies regarding Bullard's alleges

---

[1] Plaintiff identifies a Lieutenant Holigan as the correctional officer who accompanied Sergeant Bullard to transfer him to CSP-Corcoran. See id. at 15–16. No Lieutenant Holigan, however, is named as a defendant, but a Lieutenant Houghland is. Id. at 1, 9. Plaintiff also uses the name Houghland alongside Bullard's name in his third cause of action. Id. at 9, 28. The Court accordingly assumes that Lieutenant Holigan is Lieutenant Houghland.

3

excessive use of force in spraying Plaintiff with the pepper spray. Id. Plaintiff alleges that administrative staff continue to fail to address Defendants' abusive conduct. Id.

Plaintiff's first cause of action asserts Patel, Meier, Diaz, and Hampton violated the Fourth Amendment in failing to protect his right to privacy; namely, failing to protect or redress Patel's invasion of his privacy beyond any necessary measure to maintain security or safety. Id. at 18–23. He also asserts that Defendants' were deliberately indifferent in failing to protect him from sexual misconduct (such as the unrestricted gaze of members of the opposite sex), which rises to cruel and unusual punishment in violation of the Eighth Amendment. Id.

Plaintiff's second claim asserts that Defendants Diaz, Hampton, and Meier further violated the Eighth Amendment in disregarding that his conduct did not fall within indecent exposure regulations, and falsifying (or failing to rectify) reports about Plaintiff's alleged indecent exposure and suitability for the IEX program. Id. at 24–28. Plaintiff also asserts that Hampton, in deeming his interview questions to Patel irrelevant, violated his First Amendment right to gather information to rebut the case against him. Id. at 24–27. He contends that Hampton interfered with Plaintiff's questions to punish him and retaliate against him for opposing the indecent exposure charge and "investigating" staff sexual misconduct. Id. at 24, 27. Plaintiff also alleges Diaz and Meier are responsible for the same First Amendment violation. Id. at 24.

Finally, Plaintiff claims that Houghland and Bullard used unjustified, excessive force against him when they transferred him to CSP-Corcoran, holding a mock disciplinary hearing and pepper spraying him without cause. Id. 28–30. He asserts that the excessive force constituted cruel and unusual punishment in violation of the Eighth Amendment. Id. at 28. Plaintiff lists the allegedly false, unwarranted rules violation issued to him upon his return to CSP-Sac as part of the conduct violating the Eighth Amendment. Id.

ECF No. 10, pgs. 2-5.

The Court summarized its conclusions as follows:

In his first cause of action, Plaintiff states cognizable Fourth Amendment and Eighth Amendment claims against Defendant Patel for her alleged invasion of his privacy beyond that necessary to maintain security or safety. He does not state a cognizable Fourth Amendment or Eighth Amendment claim against Hampton or Meier for failure to protect him from Patel's conduct. Plaintiff's second cause of action states an Eighth Amendment claim against Hampton or Meier to the extent it alleges they knew of and were deliberately indifferent to ongoing staff sexual misconduct. He also states a cognizable First Amendment claim against Hampton and Meier to the extent he alleges they improperly interfered with the classification process to retaliate against him for asking questions and highlighting staff sexual abuse of inmates. Plaintiff's third cause of action states a cognizable Eighth Amendment claims against Houghland and Bullard for the use of unconstitutionally excessive force. None of Plaintiff's allegations against Defendant Diaz state a cognizable claim. The Court will grant Plaintiff leave to amend.

ECF No. 10, pgs. 5-6.

The Court found the complaint states no cognizable claim as against Defendant Diaz. See id. at 6-7. Specifically, the Court held:

> Plaintiff's allegations do not establish any cognizable claim against Defendant Diaz, both because they do not satisfy Federal Rule of Civil Procedure 8 and because there is no allegation that Diaz knew of or directed unconstitutional conduct.
>
> * * *
>
> Plaintiff's complaint fails to allege a causal link between Diaz, either individually or as CDCR Secretary, and the various alleged constitutional violations. Plaintiff's vague conclusion that Diaz is responsible for or is encompassed within the category of "Defendants" who acted unconstitutionally, is insufficient.

ECF No. 10, pgs. 6-7.

The Court also concluded Plaintiff fails to state cognizable claims under the Fourth or Eighth Amendments against Defendants Hampton and Meier. As to Plaintiff's Fourth Amendment claims against Defendants Hampton and Meier, the Court held:

> Defendant Patel's connection to the alleged Fourth Amendment violation is obvious. From a relatively close position, Patel allegedly made more than a casual observation of Plaintiff while he was nude in his cell, staring for a prolonged period without any safety or security justification and subsequently accusing him of indecent exposure. There are, accordingly, adequate factual allegations for Plaintiff's Fourth Amendment claim to proceed against Patel. Outside, however, of Hampton's and Meier's involvement in subsequent investigative and classification hearings based on Patel's, Plaintiff fails to allege how either Hampton or Meier is connected to the underlying privacy violation.
> Although law enforcement officials, such as police officers and correctional officers, may be held liable for failure to intercede when fellow officers violate the constitutional rights of a citizen or prisoner, liability attaches only if the officer in question had the opportunity to intercede. See Cunningham v. Gates, 229 F.3d 1271, 1289–90 (9th Cir. 2000); Galvan v. City of Vacaville, No. 2:18-cv-279-KJM-CKD, 2018 WL 4214896, at *2–3 (E.D. Cal. Sept. 15, 2018); Melendez v. Hunt, NO. 1:13-cv-00279 AWI-BAM (PC), 2016 WL 5156469, at *11 (E.D. Cal. Sept. 21, 2016); Freeland v. Sacramento City Police Dep't, No. CIV S-06-0187 LKK DAD P., 2010 WL 408908, at *4–5, 14–15 (E.D. Cal. Jan. 29, 2010). Plaintiff, to his credit, states that prison officials have failed to address a pattern of staff sexual impropriety. Nevertheless, he makes no allegation that either Hampton or Meier knew of or could have interceded to prevent Patel's alleged sexual misconduct. He only concludes that they failed to protect him or correct Patel's actions *after* Patel's alleged violation. Plaintiff thus fails to state a Fourth Amendment claim against

///

either Hampton or Meier.  Cf. Freeland, 2016 WL 5156469, at *4–5, 14–15.

ECF No. 10, pgs. 8-9.

As to Plaintiff's Eighth Amendment claims against Defendants Hampton and Meier, the Court held:

> Plaintiff's Eighth Amendment claim against Hampton and Meier in his first cause of action fails for similar reasons as the Fourth Amendment claim.  He makes no allegation that either Hampton or Meier knew of or could have interceded to prevent Patel's alleged constitutional violation.  He only concludes that they failed to protect him or correct Patel's actions *after* she allegedly stared into Plaintiff's cell.  Hampton and Meier can only be liable for failure to intercede if they had a realistic opportunity to prevent Patel's sexual misconduct.  There is no such allegation in Plaintiff's complaint.  The claim cannot proceed as alleged.

ECF No. 10, pg. 9.

Plaintiff was provided an opportunity to file a first amended complaint to address the defects in his original complaint identified in the initial screening order.  See id. at 10.  Plaintiff was cautioned that failure to file a first amended complaint within the time provided would result in an order that the action proceeds on the cognizable claims and findings and recommendations that all other claims/defendants be dismissed.  See id.  Plaintiff has not filed a first amended complaint within the 30 days provided in the November 3, 2020, initial screening order.  As such, the Court now recommends dismissal of claims/defendants consistent with the screening order and Plaintiff's election not to file a first amended complaint.[2]

///
///
///
///
///

---

[2]  By separate order issued herewith, the Court directs service as to the following Defendants and claims: (1) Plaintiff's claims against Defendant Patel for her alleged violation of his privacy beyond that necessary to maintain security or safety; (2) Plaintiff's claims against Defendants Hampton and Meier to the extent Plaintiff alleges they improperly interfered with the classification process to retaliate against him for asking questions and highlighting staff sexual abuse of inmates; and (3) Plaintiff's claims against Defendants Houghland and Bullard for the use of excessive force.

Based on the foregoing, the undersigned recommends that:

    1.    All claims against Defendant Diaz be dismissed and Diaz be terminated as a defendant to this action; and

    2.    Plaintiff's Fourth and Eighth Amendment claims against Defendant Hampton and Meier be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 9, 2021

                                           DENNIS M. COTA
                                           UNITED STATES MAGISTRATE JUDGE